IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-105-BO-KS

MICHAEL A. CONZELMAN,          )
                               )
         Plaintiff,            )
                               )
   v.                          )          O R D E R
                               )
UNITEDHEALTHCARE OF NORTH      )
CAROLINA, INC.,                )
                               )
         Defendant.            )

This cause comes before the Court on plaintiff's motion to remand and defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed, or the time for doing so has expired, and both motions are ripe for disposition. For the reasons that follow, plaintiff's motion to remand is denied and defendant's motion to dismiss is granted.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendant in Martin County Superior Court. Plaintiff alleges claims under North Carolina state law for breach of contract, bad faith insurance practices, unfair and deceptive trade practices, negligent misrepresentation, and intentional infliction of emotional distress. [DE 1-2]. Plaintiff is a customer of defendant and alleges he was a member in good standing with monthly premiums paid through the Federal Medical Program. Plaintiff's claims arise from an elective procedure to treat his back pain known as radiofrequency ablation. Plaintiff alleges that he contacted defendant prior to undergoing the radiofrequency ablation procedure and was told that the procedure was fully

covered and that plaintiff's only out-of-pocket expense would be a $40 office visit deductible. Defendant's agent also referred plaintiff to the provider who ultimately performed the radiofrequency ablation and plaintiff was told that the provider was in-network with defendant.

Relying on defendant's representation that the procedure would be fully covered, plaintiff underwent radiofrequency ablation with the recommended provider in September 2023. In November 2024, plaintiff received a surprise bill from the medical provider for $1,185 for the doctor's services. Plaintiff's explanation of benefits from defendant indicated that plaintiff owed $0 for the procedure, contrary to the medical provider's bill. Plaintiff alleges that he has attempted to resolve the issue with defendant and that defendant has refused pay the amount due. Plaintiff alleges that, as a result of defendant's actions, he has suffered financial loss, emotional distress, and has been denied further radiofrequency ablation treatments with the provider. Plaintiff seeks compensatory damages for unpaid medical expenses, emotional distress, and physical harm, in addition to punitive damages and treble damages under N.C. Gen. Stat. § 75-16. [DE 1-2].

Defendant removed the complaint to this Court under 28 U.S.C. § 1441 on the basis of its federal question jurisdiction and under the federal officer removal statute, 28 U.S.C. § 1442. Defendant contends that all of plaintiff's claims arise out of and are inextricably intertwined with a claim for Medicare benefits, and thus they arise under the Medicare Act, 42 U.S.C. §§ 1395, *et seq*, and the Court has federal question jurisdiction over the complaint. In addition, defendant contends that the claims are based on defendant having acted under the United States, its agencies, or its officers, and the claims are for or relating to an act by defendant under color of federal office. *See* 28 U.S.C. § 1442(a)(1).

Defendant then moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that this Court lacks subject matter jurisdiction

2

over the case due to plaintiff's failure to exhaust his administrative remedies and further that plaintiff's state law claims are preempted by the Medicare Act. Plaintiff has moved to remand the case to Martin County Superior Court, arguing that he does not seek Medicare benefits and his complaint is not an appeal of any Medicare administrative decision. Plaintiff contends that he is not challenging a denial of coverage but is challenging defendant's affirmative misrepresentations and deceptive conduct prior to the radiofrequency ablation procedure.

DISCUSSION

I. Motion to remand

Section 1442(a)(1) permits "any officer (or any person acting under that officer) of the United States" to remove a "civil action . . . commenced in a State Court" to the district court in the district where that action is pending. 28 U.S.C. § 1442(a)(1). This provision is "broad and mandates a liberal construction." *W. Virginia ex rel. Hunt v. CaremarkPCS Health, L.L.C.*, 140 F.4th 188, 194 (4th Cir. 2025). To be sustained, "the notice of removal must plausibly allege that federal jurisdiction through 28 U.S.C. § 1442(a)(1) is proper[,]" *id*, and the general presumption against removal does not apply. *Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 251 (4th Cir. 2021). However, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007). Accordingly, to determine whether a private entity may remove a complaint under § 1442(a)(1), it "must show: (1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or

3

in relation to the asserted official authority." *Anne Arundel Cnty., Maryland v. BP P.L.C.*, 94 F.4th 343, 347–48 (4th Cir. 2024) (quotation and citation omitted).

Defendant argues that, though plaintiff has identified it as the entity which issued his insurance coverage, plaintiff was actually insured under a Medicare Advantage policy which was issued by Care Improvement Plus South Central Insurance Company (Care Improvement Plus), an affiliate of defendant. Care Improvement Plus is Medicare Advantage organization (MAO) with a contract with the Centers for Medicare & Medicaid Services (CMS) to provide Medicare benefits under the Medicare Act Part C. *See* [DE 15-1] Graham Decl. ¶¶ 3-5.

Defendant has carried its burden to plausibly allege that it was acting under a federal officer when, as an MAO, it provided Medicare benefits to plaintiff. Section 1442 "is meant to protect private persons acting under a federal officer and to protect the Federal Government from interference in such operations." *W. Virginia State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 299 (4th Cir. 2022). "[T]he private person's 'acting under' must involve an effort to *assist,* or to help *carry out,* the duties or tasks of the federal superior." *Watson*, 551 U.S. at 152 (emphasis in original). Moreover, there must be some "subjection, guidance, or control" of the private entity by the federal government. *Id.* at 151.

By way of background, the Medicare Act, or Title XVIII of the Social Security Act, provides for a federally subsidized health insurance program which is administered by the Secretary of the Department of Health and Human Services. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 605 (1984). Part C of the Medicare Act "provides an alternative program by which individuals can receive Medicare benefits through a variety of private plans rather than Parts A and B." *Body & Mind Acupuncture v. Humana Health Plan, Inc.*, No. 1:16CV211, 2017 WL 653270, at *2 (N.D.W. Va. Feb. 16, 2017). MAOs contract with CMS to administer plans under Part C. *Id.* "A

4

contracting MAO receives a set monthly payment for each individual to whom it provides Part C coverage and 'assumes full financial risk' should an individual's costs exceed that amount. MAOs are subject to extensive regulation, but their contract with CMS gives them autonomy to take advantage of the private market by designing plans, choosing providers, and setting costs." *Id.* (cleaned up, citing 42 U.S.C. §§ 1395w–23, 1395w–25; 42 C.F.R. §§ 422.1–422.2615).

"There is a split of authority on whether MAOs are entitled to remove under the federal officer removal statute when they are sued for actions taken in connection with their administration of benefits under Medicare Part C." *McWilliams v. Aetna Health of Iowa, Inc.*, No. 4:24-cv-00193-SHL-WPK, 2024 U.S. Dist. LEXIS 225482, at *13 (S.D. Iowa Sep. 30, 2024). As defendant recognizes, there is no directly controlling decision from the Fourth Circuit on this issue, but this court, in *Halifax Regional Medical Center v. UnitedHealthcare of North Carolina*, 520 F. Supp. 3d. 815 (E.D.N.C. 2021) (Dever, J.), has held that UnitedHealthcare of North Carolina "did not act under CMS for purposes of section 1442" where it acted as an MAO. *Id.* at 822. The *Halifax Regional* court relied, at least in part, on the distinction between payment disputes and coverage disputes, noting that only the latter would implicate federal officer removal. *Id.* at 822-23.[1] "Determining whether the claim is based on a health insurer's actions under its contract with CMS requires determining whether the insurer made coverage determinations under Medicare Advantage plans, or made payments to patients or providers in accordance with the schedules of benefits conferred by the Medicare plans." *Baptist Hosp. of Miami, Inc. v. Humana Health Ins. Co. of Fla., Inc.*, No. 1:15-CV-22009-UU, 2015 WL 11237013, at *5 (S.D. Fla. Aug. 19, 2015).

Here, plaintiff's state law claims are, at bottom, a coverage dispute. Plaintiff alleges that defendant breached the contract by failing to pay for the radiofrequency ablation procedure as

---

[1] Additionally, the plaintiff in *Halifax Regional* was an out-of-network provider, not a Medicare beneficiary as is the case here.

promised, and as damages seeks payment of unpaid medical expenses. Accordingly, the Court determines that, in this case, defendant acted under the direction of a federal officer for purposes of § 1442.

As to the second prong, defendant has demonstrated that it has a colorable federal defense. Establishing that a removing party has a colorable federal defense is a low bar, *Cnty. Bd. of Arlington Cnty*, 996 F.3d at 255, and the defendant does not need to establish the defense or demonstrate that it is clearly sustainable. *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 210 (4th Cir. 2016). Defendant has raised two colorable federal defenses: the failure to exhaust administrative remedies under Medicare and Medicare preemption. Defendant has satisfied this prong of the inquiry. *See Body & Mind Acupuncture*, 2017 WL 653270, at *3-4.

As to the third prong, "there need be only 'a *connection or association* between the act in question and the federal office." *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017) (emphasis in original) (quoting *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 813 (3d Cir. 2016)). "It is the 'act' for which the defendant is being sued—not the plaintiff's entire civil action in a general sense—that must relate to the asserted federal duty." *Anne Arundel Cnty.*, 94 F.4th at 348. Here, defendant is being sued for refusing to pay benefits allegedly owed under plaintiff's policy. [DE 1-2] at 4-5. As this policy is a Medicare policy, plaintiff's claims have at minimum an association or connection to defendant's obligations as an MAO and its contract with CMS. Defendant has established this prong, and the Court determines that federal officer removal was appropriate.[2]

The motion to remand is denied.

---

[2] As defendant has established that federal officer removal is appropriate, the Court need not consider its assertion of federal question removal under § 1441.

II. Motion to dismiss

Defendant has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

7

Defendant argues first that the Court lacks subject matter jurisdiction over plaintiff's claims as he has failed to exhaust his administrative remedies. The Court agrees. All claims which arise under the Medicare Act must be administratively exhausted by presenting them first to the Secretary of the Department of Health and Human Services. *Heckler*, 466 U.S. at 614-15. The term "arises under" is construed broadly. *Id.* at 615. A claim arises under the Medicare Act when either "the standing and the substantive basis for the presentation of the claim[]" is the Medicare Act and where the claims are inextricably intertwined with a claim for benefits under the Medicare Act. *Id.* at 614-615. "Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a 'final decision' on the claim, in the same manner as is provided in 42 U.S.C. § 405(g) for old age and disability claims arising under Title II of the Social Security Act." *Id.* at 605 (citing 42 U.S.C. § 1395ff(b)(1)(C)); *see also Accident, Inj. & Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019).

Here, plaintiff challenges an adverse benefits decision by an official MAO, which the Court determines is inextricably intertwined with a claim for Medicare benefits. *See Ritu Bhambhani, LLC v. Neuraxis, Inc.*, No. CV RDB-22-1732, 2023 WL 3688336, at *13 (D. Md. May 25, 2023) (cases which invoke exhaustion requirement include those challenging adverse benefits decisions by CMS and Medicare providers); *McManus v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. CIV.A. RDB-13-3244, 2014 WL 794566, at *2 (D. Md. Feb. 26, 2014), *aff'd,* 587 F. App'x 761 (4th Cir. 2014) (challenge to an adverse coverage decision under Medicare must be exhausted). Although he has alleged claims under state law for breach of contract, bad faith insurance practices, unfair and deceptive trade practices, negligent misrepresentation, and intentional infliction of emotional distress, plaintiff seeks payment for unpaid medical expenses, expenses which he alleges defendant is obligated to pay because plaintiff is an insured in good

standing through the Federal Medical (Medicare) Program and a customer of defendant. [DE 1-2] at 2. Accordingly, plaintiff was required to exhaust his administrative remedy prior to filing suit. *See Sarene Servs., Inc. v. Empire Blue Cross/Blue Shield*, No. 17CV5276DRHAYS, 2019 WL 402858, at \*7 (E.D.N.Y. Jan. 29, 2019) ("Any challenge to any aspect of an organization determination must follow[] the specific procedure for administrative appeal prescribed by the Medicare Act and its implementing regulations" irrespective of how plaintiff labels claims).

While plaintiff does allege that he attempted to resolve his dispute with defendant, he does not allege or argue either in his complaint or in his opposition to the motion to dismiss that he has exhausted his administrative remedy by requesting reconsideration of the denial, seeking review by an independent review entity, or requesting a hearing before an Administrative Law Judge. *See* 42 C.F.R. §§ 422.582; 422.592; 422.600. Decisions by an MAO which are subject to the exhaustion requirement include the MAO's refusal to provide or pay for services that the enrollee believes should be provided. *Id.* § 422.566. In the absence of exhaustion, this Court lacks subject matter jurisdiction over plaintiff's claims. *See id.* § 422.612; 42 U.S.C. § 405(g); 42 U.S.C. § 1395w-22(g)(5); *see also Bennett v. UnitedHealthcare Servs., Inc.*, No. 3:20-CV-01767 (VAB), 2021 WL 3475706, at \*5 (D. Conn. Aug. 6, 2021) (dismissing negligence action by Medicare Advantage beneficiary as arising under Medicare Act for failure to exhaust).[3]

As the Court has determined that it lacks jurisdiction over plaintiff's claims because he has failed to exhaust his administrative remedy, the Court dismisses his complaint without prejudice.

---

[3] The Court further notes that it appears from plaintiff's complaint that the threshold amount for judicial review under the Medicare Act is not met in this case. *See* [DE 10] at 5; 42 C.F.R. § 422.612(a)(2).

CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to remand [DE 8] is DENIED and defendant's motion to dismiss [DE 9] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. Defendant's request for dismissal under Fed. R. Civ. P. 12(b)(6) is DENIED WITHOUT PREJUDICE.

SO ORDERED, this 18 day of December 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE